IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNELL BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:12cv914-MHT |
| LQ MANAGEMENT, L.L.C., | ) | (WO) |
| etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Donnell Barnes charges that he was injured
as a proximate result of staying at one of defendant LQ
Management, L.L.C.'s hotels in Montgomery, Alabama.
Barnes brings state-law claims of negligence, wantonness,
product liability, respondeat superior, and negligent and
wanton hiring, training and supervision against LQ
Management and several other defendants.

LQ Management removed this case from state to federal
court based on diversity-of-citizenship jurisdiction.
See 28 U.S.C. § 1332, 1441.  This lawsuit is now before
the court on Barnes's motion to remand the case to state

court and LQ Management's objection to allowance of the amendment to Barnes's complaint.   Barnes amended his complaint after removal to substitute Albert Young, Irene Boswell, John Foshee, Kenya Kirk, Romeo Lowe and Stephen Hopkins in place of fictitious defendants.   For reasons that will be discussed, the court will deny Barnes's motion to remand and will overrule LQ Managment's objection to the allowance of the amendment to Barnes's complaint.


## I. BACKGROUND

Barnes, an Illinois citizen, traveled to Montgomery to bring his son to a "new-student orientation" at a local university.   Because he was recovering from knee surgery, Barnes rented a handicapped room from La Quinta Inns & Suites, a local hotel owned and operated by LQ Management.   While Barnes was showering, the showerhead fell and struck his injured knee.   Barnes alleges that

2

this incident retarded his recovery and caused him further injury.

Barnes filed suit in an Alabama state court. He names as defendants LQ Management along with numerous fictitious entities, a proper practice in state court. Ala. R. Civ. P. § 9(h). Barnes sought the names and addresses of the fictitious defendants through a discovery request. Before responding in full to the discovery request, LQ Management removed the case to this federal court. At that time, the complaint still listed the fictitious defendants.

After removal and upon threat of a motion to compel, LQ Management finally provided Barnes with the full employee roster. Barnes then filed a motion for leave to amend his complaint and substitute employees for the fictitious defendants. The court allowed the amendment, albeit with leave to LQ Management to file an objection to the allowance of the amendment. Barnes filed a motion

to remand the case to state court, and LQ Management filed an objection to the allowance of the amendment.

## II. DISCUSSION

## 1. Motion to Remand

LQ Management removed this case to federal court pursuant to 28 U.S.C. § 1441. That statute allows, generally, for the removal from state court to federal court of any civil action over which the federal courts have original jurisdiction. LQ Management sought removal on the basis of diversity jurisdiction, 28 U.S.C. § 1332, as the company is a citizen of both Texas and Delaware, and Barnes of Illinois. Barnes concedes that diversity jurisdiction was proper when this case was removed, for he and LQ Management are from different States. He contends, however, that that jurisdiction was destroyed when he substituted Alabama citizens (Young, Boswell, Foshee, Kirk, Lowe, and Hopkins) for the fictitious defendants.

4

First, the substitution of the Alabama citizens as defendants did not destroy diversity jurisdiction. Because Barnes is a citizen of Illinois, his citizenship is diverse from that of the Alabama defendants.

Second, contrary to Barnes's assertions, subpart (b)(2) of 28 U.S.C. § 1441 did not make this removal improper. That subpart provides: "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) [diversity jurisdiction] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This subpart is inapplicable for two reasons. First, the subpart applies only if the defendant has been "properly joined and served." Here, assuming that the Alabama defendants had been properly joined (previously as fictitious parties), they had not been properly served. Second, another subpart in this removal statute, subpart (b)(1) of 28 U.S.C. § 1441,

specifically cautions that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether removal on the basis of federal diversity jurisdiction is proper.  Thus, because subpart (b)(1) directs that the citizenship of fictitious parties must be disregarded, the citizenship of the Alabama defendants (who were fictitious at the time of removal) is properly disregard.

Barnes seems to be under the mistaken impression that subpart (b)(2) narrows the meaning of diversity jurisdiction.  In his reply, he takes the position that, because the newly named defendants are citizens of Alabama, diversity jurisdiction no longer exists. Terming these defendants "non-diverse," he thus asks the court to remand "in accordance with 28 U.S.C. § 1447(e)." Pl. Br. (Doc. No. 20) at 4 & 17.

28 U.S.C. § 1447(e) provides that, if a federal court allows a post-removal joinder that destroys the court's subject-matter jurisdiction, the court must then remand

the case to state court; alternatively, under this
provision, the court could deny joinder and retain
jurisdiction. Because Barnes believes that his inclusion
of the Alabama defendants in this action destroyed
diversity jurisdiction, he also believes their inclusion
warrants remand "automatically" pursuant to this statute.[*]
Pl. Br. (Doc. No. 20) at 4.

Subpart (b)(2) of § 1441 does not say that a
defendant who resides in the forum state is ipso facto
"non-diverse." Diverse parties are today what they have
always been: "citizens of different States." 28 U.S.C.
§ 1332(a). Barnes is a citizen of Illinois, and the

_____

        * Actually, Barnes cites 28 U.S.C. § 1441(e) instead
of § 1447(e). The court presumes Barnes to invoke the
latter statute, as the former applies solely to cases in
which "at least 75 natural persons have died in [an]
accident at a discrete location." 28 U.S.C. § 1369.
Plainly, such was not the case here. Unfortunately, the
plaintiff is not alone in incorrectly citing the
governing statutes. LQ Management refers the court to
"Section 1442(b)(2)" for the source of the "forum
defendant rule" it seeks to avoid. But "Section
1442(b)(2)" addresses "Federal officers or agencies sued
or prosecuted." The court does not raise these errors to
embarrass the parties, but in the hope of putting a stop
to such oversights at an early stage of the litigation.

newly added defendants are citizens of Alabama.  Because, as stated, they are citizens of different States, diversity jurisdiction is not destroyed by the Alabama defendants in this litigation.  Their  inclusion in this litigation is, therefore, not a basis for remand.


2.  Objection to Amendment of the Complaint

As discussed, Barnes amended his complaint to substitute named individuals for the fictitious defendants named in his original state-court complaint. LQ Management objects to this amendment on the ground that "[f]ictitious parties are not permitted in Federal Court."  Def. Br. (Doc. No. 12) at ¶ 9.  LQ Management cites no authority for this proposition, but asserts that "Plaintiff's counsel is well aware of this."  Id.  It concludes that Barnes's amendment is due to be disallowed because "the statute of limitations has passed.... [and] Fed. R. Civ. P. 15 does not permit the relation back of an amendment adding a new party."  Id.

8

While Federal Rules of Civil Procedure do not employ fictitious-defendant practice, a federal court hearing a case on diversity jurisdiction applies state law. <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938). Alabama law provides that:

> "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."

Ala. R. Civ. P. § 9(h). Furthermore, federal courts sitting in diversity "apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." <u>Saxton v. ACF Industries, Inc.</u>, 254 F.3d 959, 963 (11th Cir. 2011) (en banc) (citing Fed. R. Civ. P. 15(c)(1)(A) (allowing an amendment to relate back to the original pleading date when "the law that provides the applicable statute of limitations allows relation back"); <u>see also</u> <u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99 (1945) (federal

courts sitting in diversity apply state law on statutes of limitations)).

In Saxton v. ACF Industries, Inc., the Eleventh Circuit Court of Appeals specifically held that federal courts sitting in diversity should apply Alabama's law on the relation-back of fictitiously named defendants.   254 F.3d at 965.   Since then, district courts hearing diversity suits in Alabama have allowed plaintiffs to proceed with complaints naming fictitious defendants. Harris v. Beaulieu Group, LLC, 394 F.Supp. 2d 1348, 1356 (M.D. Ala. 2005) (DeMent, J.); Gaines v. Choctaw County Com'n, 242 F.Supp. 2d 1153, 1166 (S.D. Ala. 2003) (Butler, C.J.).   In Gaines v. Choctaw County, the court reasoned that, as "the practice [of using fictitious parties] plays an important part in some states in the tolling of the statute of limitations ... an absolute rule against its use in federal court actions seems unwise and might violate the federal court's obligation to apply the rules of decision of the forum state."   242

F.Supp. 2d at 1166 (quoting Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3642 (3d ed. 1998)).  It found this principle "especially true in cases removed from Alabama state courts based on diversity where the inclusion of fictitious parties may have a bearing [on] principles of relation back." <u>Id</u>.

In this case, LQ Management argues that the Alabama defendants should not be substituted for the fictitious defendants because the applicable statute of limitations now bars the claims raised against them.  Allowing Barnes to substitute these defendants for the fictitious ones in accordance with Alabama practice appears, therefore, particularly pressing.  In any event, Barnes has complied with Alabama's requirements for substituting a fictitious defendant with his or her true identity.  Ala. R. Civ. P. § 9(h).  The court will thus allow the amendment he seeks.

However, at the present juncture, the court is not charged with determining whether the amendment

11

substituting the Alabama defendants does, in fact, relate

back to the original pleading.  Accordingly, this opinion

does not pass judgment on whether Barnes has satisfied

the requirements under Alabama law for relating back an

amendment that substitutes an actual defendant for a

fictitious one.   See Saxton, 254 F.3d at 965 (citing

Jones v. Resorcon, Inc., 604 So.2d 370, 372-73 (Ala.

1992)).

***

Accordingly, it is ORDERED as follows:

(1) Plaintiff Donnell Barnes's motion to remand (doc.

no. 4) is denied.

(2) Defendant LQ Management, L.L.C.'s objection to

the allowance of the amended complaint (doc. no. 12) is

overruled.

DONE, this the 26th day of December, 2012.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDG