IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DONNELL BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:12cv914-MHT |
| LQ MANAGEMENT, L.L.C., | ) | (WO) |
| etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Donnell Barnes charges that he was injured as a proximate result of staying at one of defendant LQ Management, L.L.C.'s hotels in Montgomery, Alabama; he brings state-law claims of negligence, wantonness, product liability, respondeat superior, and negligent and wanton hiring, training and supervision against LQ Management and several individual defendants, including defendant Stephen Hopkins.

Jurisdiction is proper pursuant to 28 U.S.C. 1332 (diversity jurisdiction). Before the court is Barnes's motion, filed today, for additional time to serve Hopkins with his complaint.

The court has discretion to extend the deadline for service even in the absence of good cause for failure to serve a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).

Barnes amended his complaint to add Hopkins on November 20, 2012. He explains that he was unable to serve Hopkins within 120 days of this date because he could not locate him. Barnes learned of Hopkins's identity through an employee roster provided by LQ Management; that roster did not, however, list Hopkins's address. LQ Management eventually provided Barnes with addresses for the employees listed on its employee roster, but this was not until after Barnes had filed the November 20th complaint naming Hopkins and the 120-day clock began ticking. Once Barnes received the addresses, he hired a private investigator to serve the individuals; the private investigator failed to serve Hopkins because the address LQ Management provided for him was no longer

accurate.  The private investigator has interviewed former neighbors of Hopkins, has searched for him at other local hotels, and has performed electronic searches, but has still not been able to find Hopkins.

The court finds that Barnes has made a diligent, good-faith effort to serve Hopkins within 120 days; that his efforts to serve Hopkins were frustrated by inaccurate information provided by Hopkins's former employer; and that the failure to serve Hopkins does not warrant dismissal of the complaint.  Accordingly, the court will grant Barnes's motion and extend the deadline for serving Hopkins.

Barnes has asked for an additional 60 days to serve Hopkins; however, the court notes that Barnes has already exceeded the 120-day deadline by nearly 50 days.  As such, the court will not grant the full 60 days from today's date, but will require Barnes serve Hopkins by June 17, 2013.

***

Based on the foregoing, it is ORDERED that:

(1) Plaintiff Donnell Barnes's motion for extension of deadline of time to serve complaint (doc. no. 36) is granted.

(2) Plaintiff Barnes has until June 17, 2013 to serve defendant Stephen Hopkins.

(3) The resolution of this motion does not affect the deadline for serving any defendant other than defendant Hopkins.

DONE, this the 8th day of May, 2013.

                                            /s/ Myron H. Thompson  
                                      UNITED STATES DISTRICT JUDGE